# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEGUNDO BOBADILLA-CHUCARI,<br><br>Petitioner,<br>vs.<br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case Nos.: CV 16-4443 CBM<br>CR 00-0615 CBM<br><br>**ORDER** |

The matter before the Court is Petitioner Segundo Bobadilla-Chucari's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Petition").

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 15, 2002, Petitioner was convicted of conspiring to distribute cocaine, a violation of 21 U.S.C. § 846. (*See* 2:00-cr-00615-CBM ("Bobadilla-Chucari Criminal Case"), Dkt. No. 104.) This Court sentenced Petitioner to a term of 60 months imprisonment, a four-year term of supervised release, and a special assessment of $100.00. (*Id.*)

On June 26, 2015, in *Johnson v. United States*, the Supreme Court held that the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B), used to determine a "violent felony" is unconstitutionally

1

vague. 135 S. Ct. at 2557.

On June 20, 2016, Bobadilla-Chucari filed his § 2255 Petition, challenging his conviction based on *Johnson*. The Government filed a Motion to Dismiss Bobadilla-Chucari's § 2255 Petition ("Motion"). (Dkt. No. 6 in Civil Case No. 2:16-cv-4443.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a prisoner in federal custody may move the sentencing court to vacate, set aside, or correct his sentence if he claims the right to be released upon the ground that the sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).

## III. DISCUSSION

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must be "in custody" for the conviction or sentence under attack at the time his petition is filed. *See Maleng v. Cook*, 490 U.S. 490, 491 (1989). A motion to vacate, set aside, or correct a sentence will be denied automatically unless that sentence is then being served by the petitioner. *Roberts v. United States*, 365 F.2d 251 (9th Cir. 1666). Habeas corpus relief pursuant to § 2255 is not available to a defendant who has served his or her sentence and has been released from custody. *Hirabayashi v. United States*, 828 F.2d 591 (9th Cir. 1987).

In this case, Petitioner served his custodial sentence, was released from custody, and was no longer on supervised release when he filed his § 2255 Petition.[1] Therefore, he is no longer in custody for the purposes of 28 U.S.C. § 2255 and is not entitled to relief.

---

[1] On November 3, 2004, after serving his custodial sentence, Petitioner was removed to Peru. (Motion, Ex. B.) Petitioner is currently serving a different sentence, after being charged with being an illegal alien after deportation in violation of 8 U.S.C. § 1326(b) in the Southern District of Texas. (Motion, Ex. D, Judgment and Commitment Order in Case No. 14-280 (S.D. Tex.).)

## IV. CONCLUSION

Accordingly, the Court **DENIES** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and **GRANTS** the Government's Motion to Dismiss.

**IT IS SO ORDERED.**

DATED: September 15, 2017.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE